161 P.2d 798]

[L. A. No. 19146. In Bank. Sept. 14, 1945.]

GEORGE R. BROWN, Appellant, v. REPUBLIC PRODUC- TIONS, INC. (a Corporation) et al., Respondents.

Ray Sandler, Max Fink and Robert Kingsley for Appellant.

Loeb & Loeb, Herman F. Selvin and Milton H. Schwartz for Respondents.

SCHAUER, J.—The controlling issue in this case is basically the same as that of *Brown* v. *Republic Productions, Inc., ante* 867 [161 P.2d 796], our opinion in which has been this day filed and reference to which is suggested for a statement of pertinent facts. The cases may be said to differ only in that the findings establish that the extent to which portions of the original compositions were incorporated in the revised

productions is substantially smaller here. The musical compositions involved are five: "All This and Heaven Too," "Peek-a-Boo," "I Could Love You Any Time At All," "Hunky-Dunky-Dory," and "Bonita Lolita."

The court found that plaintiff, and defendants Styne and Meyer, were coauthors and coowners of the music and lyrics of such songs; that prior to publication thereof defendants Styne and Meyer, within the scope of their employment by defendant Republic Productions, Inc., used certain portions of the music and lyrics of the several compositions by incorporating them into other compositions with various titles; that such use was made with full knowledge of plaintiff's rights in the original compositions; that thereafter defendant Republic Productions, Inc., used the revised compositions in various motion pictures produced by it which had been and are being distributed by it for profit; that defendant Mills Music, Inc., has distributed and is distributing for profit copies of the revised compositions; that the use by the two corporate defendants of the revised compositions was made pursuant to a written agreement executed by Styne and Meyer permitting and licensing such use; and that alteration of the original compositions and the licensing and use by defendants of the revised products were done without plaintiff's knowledge or consent and without compensating him.

Plaintiff was awarded judgment requiring defendants Styne and Meyer to account to him for profits from the revised compositions, but was denied relief against the corporate defendants. Plaintiff's argument in support of his appeal is substantially the same as that advanced in the companion case, mentioned hereinabove. Here, as in that case, the appeal is upon the judgment roll alone. We are satisfied that the mere fact that the findings here establish that the extent to which portions of the original compositions were incorporated in the rewritten productions is substantially smaller than in the preceding case cannot alter our conclusion. In neither case has the court found, directly or in effect, that the plaintiff's rights have been destroyed. In both cases the judgments award an accounting for plaintiff's interest in profits from the rewritten compositions. For the reasons stated above and in the opinion therein referred to, the portion of the judgment appealed from is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.